UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Chapter 7                                              Case Number: 20-16686-MAM

In re:

QUANTUM PARK PROPERTY OWNERS'
ASSOCIATION, INC.
_____Debtor._____/

ROBERT FURR, as TRUSTEE,
        Plaintiff,

v.                                                     Adversary Number:

OLEN PROPERTIES CORP., a Florida Corporation;
SECURED HOLDINGS, INC., a Foreign Corporation;
QUANTUM LAKE VILLAS II CORP.,
a Foreign Corporation; VILLAS AT QUANTUM LAKES,
INC., a Florida Corporation; 1325 GATEWAY, LLC,
a Florida Limited Liability Company; 2500 QUANTUM
L.L.C., a Florida Limited Liability Company;
2600 QUANTUM, L.L.C., a Florida Limited Liability
Company; 2600 QUANTUM BLVD, LLC, a Florida Limited
Liability Company; 4925 PARK RIDGE BOULEVARD,
LLC, a Florida Limited Liability Company; 7-ELEVEN,
INC., a Foreign Corporation; AETNA LIFE INSURANCE
CO., a Foreign Corporation; ALAMO RENT A CAR, LLC, a
Foreign Limited Liability Company; THE AMERICAN
BOTTLING CO., a Foreign Corporation; ARC
HOSPITALITY PORTFOLIO I OWNER, LLC, now known
as HIT Portfolio I Owner, LLC, a Foreign Limited Liability
Company; ATLAS PARTY RENTAL, INC., a Florida
Corporation; BANKUNITED FINANCIAL CORP., a Foreign
Corporation; BOYNTON BEACH FLORIDA
BEHAVIORIAL HEALTH HOSPITAL COMPANY, LLC, a
Foreign Limited Liability Company; BOYNTON BEACH OF
PALM BEACH COUNTY, LLC, a Foreign Limited Liability
Company; BOYNTON LODGE NO. 236 FREE AND
ACCEPTED MASONS OF FLORIDA,
a Florida Not-For-Profit Registration; CANTERBURY AT
QUANTUM VILLAGE PROPERTY OWNERS
ASSOCIATION OF PALM BEACH, INC., a Florida Not-

For-Profit Corporation; CARMAX AUTO SUPERSTORES,
INC. a/k/a CARMAX, a Foreign Corporation;
CHARTER SCHOOLS OF BOYNTON BEACH, INC.,
a Florida Not-For-Profit Corporation; CHILDREN'S
SERVICES COUNCIL OF PALM BEACH COUNTY, a
Municipal District; CITY OF BOYNTON BEACH, a
Municipal Corporation; DAVCO ELECTRICAL
CONTRACTORS CORP., a Florida Corporation;
DCA AT GATEWAY, LLC, a Florida Limited Liability
Company; DTS PROPERTIES II, LLC, a Foreign Limited
Liability Company; DUKE PGC AT QUANTUM 1-9, LLC, a
Foreign Limited Liability Company; EAST COAST
MECHANICAL, INC., a Florida Corporation; ED CAREY
DESIGN, INC., a Florida Corporation; EXACTA SYSTEMS,
LLC, a Foreign Limited Liability Company; FEEDING
SOUTH FLORIDA, INC., a Florida Not-For-Profit
Corporation; FH QUANTUM, LLC, a Florida Limited
Liability Company; FINLAYSON LOGISTICS ASSETS
LLC, a Foreign Limited Liability Company; FLOWERS
BAKING CO. OF MIAMI, INC., now known as FBCM
Acquisition, LLC, a Florida Limited Liability Company;
GATEWAY BUSINESS PARK L.C., now known as
PREMIER GATEWAY CENTER AT QUANTUM PARK
LLP, a Florida Limited Liability Company; GATEWAY
STATION LLC, a Florida Limited Liability Company;
GOODMAN DISTRIBUTION, INC., a Foreign Corporation;
G.T. INVESTMENT GRP L.L.C., a Florida Limited Liability
Company; HIGH RIDGE INVESTMENTS, L.L.C., a Florida
Limited Liability Company; HVG ENTERPRISES, LLC, a
Florida Limited Liability Company; JULISSA PROPERTIES,
LLC, a Florida Limited Liability Company; KTR SOUTH
FLORIDA LLC, a Foreign Limited Liability Company;
NORTH BOYNTON BEACH HOSPITALITY, LLC, a
Florida Limited Liability Company; PALAMAD, LLC, a
Florida Limited Liability Company; THE PALM BEACH
LITERACY COALITION FOUNDATION, INC., a Florida
Not-For-Profit Corporation; PARKSIDE TOWNHOMES
HOMEOWNERS' ASSOCIATION, INC., a Florida Not-For-
Profit Corporation; PUBLIX SUPER MARKETS, INC., a
Florida Corporation; QUANTUM CORPORATE CENTER,
LLLP, a Florida Limited Partnership; QUANTUM FULTON,
LLC, a Foreign Limited Liability Company; QUANTUM
LIMITED PARTNERS, LTD., a Florida Limited Partnership;
QUANTUM PARK & VILLAGE, LLC, a Florida Limited
Liability Company; QUANTUM TOWN CENTER, LLC, a
Florida Limited Liability Company; QUANTUM PARK

OVERLAY DEPENDENT DISTRICT, a Municipal District;
REPUBLIC WESTERN INVESTMENTS CO. LLC, a
Foreign Limited Liability Company; RMS PROPERTIES,
LLC, a Foreign Limited Liability Company; SAFETY-
KLEEN SYSTEMS, INC., a Foreign Corporation; SOUTH
TECH PREPARATORY ACADEMY, INC., a Florida Not-
For-Profit Corporation; SOUTH TECH SCHOOLS
HOLDINGS, LLC, a Florida Limited Liability Company;
SOUTHEAST-ATLANTIC CAPITAL, LLC, a Florida
Limited Liability Company; SSKR PROPERTIES, LLC, a
Florida Limited Liability Company; UNITED WAY OF
PALM BEACH COUNTY, INC., a Florida Not-For-Profit
Corporation; W2007 EQUITY INNS REALTY, LLC, a
Foreign Limited Liability Company; THE WATERSHED
TREATMENT PROGRAMS, INC., a Florida Corporation;
WEST QUANTUM PLAZA OWNERS ASSOCIATION,
INC., a Florida Not-For-Profit Corporation,

      Defendants                             /

## **COMPLAINT**

Plaintiff ROBERT FURR, solely in his capacity as Chapter 7 Trustee for the Bankruptcy

Estate (the "Estate") of the Debtor, Quantum Park Property Owners Association, Inc. ("Debtor"

or "QPPOA")  (Robert Furr, in the foregoing capacity, is referred to herein as "Plaintiff" or

"Trustee"), pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, sues

Defendants to avoid and/or recover fraudulent transfers, to obtain a declaration that the Trustee

can impose assessments on the Defendants sufficient to pay the debts of the Debtor, and for

judgment holding the Defendants liable for the debts of the Debtor, and states as follows:

1.      Plaintiff brings this adversary proceeding to recover amounts owed to the Estate

through the QPPOA's right to assess its constituent property owners, and to avoid and/or recover

certain fraudulent transfers made by the QPPOA to or for the benefit of those property owners.

## PARTIES

2.      The Defendants were, at the times relevant hereto, the owners of parcels within the Quantum Corporate Park (the "Park") located in Palm Beach County, Florida, and members of the QPPOA or successors in interest to such owners.

3.      Members of the QPPOA are bound by the Declaration of Protective Covenants of Quantum Park at Boynton Beach ("Declaration") and as such, are liable for the expenses and debts of the QPPOA.

4.      Olen Properties Corp. ("Olen") is a Florida corporation that at the times relevant hereto, owns one or more parcels in the Park.  As a member of the QPPOA, Olen is liable for its proportionate share of the expenses of the QPPOA.

5.      Olen owned these parcels when the QPPOA incurred attorney's fees for its defense of two lawsuits brought in the 15th Judicial Circuit of Florida. Olen likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

6.      Secured Holdings, Inc. ("SHI") is a foreign corporation conducting business in Florida that at the times relevant hereto, owns one or more parcels in the Park. As a member of the QPPOA, SHI is liable for its proportionate share of the expenses of the QPPOA.

7.      SHI owned these parcels when the QPPOA incurred attorney's fees for its defense of two lawsuits brought in the 15th Judicial Circuit of Florida. SHI likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

8.      Quantum Lake Villas II Corp. ("QVLII") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned or owns one or more parcels in the Park. As a member of the QPPOA, QVLII is liable for its proportionate share of the expenses of the QPPOA.

9.    QVLII owned these parcels when the QPPOA incurred attorney's fees for its defense of two lawsuits brought in the 15th Judicial Circuit of Florida. QVLII likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

10.    Villas at Quantum Lakes, Inc. ("VQL") is a Florida corporation that at the times relevant hereto, owns one or more parcels in the Park. As a member of the QPPOA, QVL is liable for its proportionate share of the expenses of the QPPOA.

11.    VQL owned these parcels when the QPPOA incurred attorney's fees for its defense of two lawsuits brought in the 15th Judicial Circuit of Florida. VQL likewise owned those parcels when members of the QPPOA acted to revoke the Declaration.

12.    1325 Gateway, LLC ("1325") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels of land in the Quantum Corporate Park. As a member of the QPPOA, 1325 is liable for its proportionate share of QPPOA expenses.

13.    1325 was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. 1325 likewise owned those parcels when members of the QPPOA acted to revoke the Declaration.

14.    2600 Quantum, L.L.C. ("2600 Q") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels of land in the Park. As a member of the QPPOA, 2600 Q was liable for its proportionate share of the expenses of the QPPOA.

15.    2600 Q was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. 2600 Q likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

16.     2600 Quantum Blvd, LLC ("2600 Quantum") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels of land in the Park. As a member of the QPPOA, 2600 Quantum was liable for its proportionate share of the expenses of the QPPOA.

17.     2600 Quantum was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. 2600 Quantum likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

18.     7 Eleven Inc. ("7 Eleven") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels of land in the Park. As a member of the QPPOA, 7 Eleven was liable for its proportionate share of the expenses of the QPPOA.

19.     7 Eleven was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. 7 Eleven likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

20.     Aetna Life Insurance Company ("Aetna") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Aetna is liable for its proportionate share of the expenses of the QPPOA.

21.     Aetna was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Aetna likewise owned those parcels when members of the QPPOA acted to revoke the Declaration.

22.     Alamo Rent-A-Car, LLC ("Alamo") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Alamo is liable for its proportionate share of the expenses of the QPPOA.

23.     Alamo was a parcel owner when the QPPOA incurred legal fees for the defense of

two lawsuits filed in the 15th Judicial Circuit of Florida. Alamo likewise owned those parcels when members of the QPPOA acted to revoke the Declaration.

24.     The American Bottling Co. ("American Bottling") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, American Bottling is liable for its proportionate share of the expenses of the QPPOA.

25.     American Bottling was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. American Bottling likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

26.     ARC Hospitality Portfolio I Owner, LLC ("ARC"), now known as HIT Portfolio I Owner, LLC, is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, ARC is liable for its proportionate share of the expenses of the QPPOA.

27.     ARC was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. ARC likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

28.     Atlas Party Rental, Inc. ("Atlas") is a Florida corporation that at the times relevant hereto, owns one or more parcels in the Park.  As a member of the QPPOA, Atlas is liable for its proportionate share of the expenses of the QPPOA.

29.     Atlas was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Atlas likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

30.     Boynton Beach Florida Behavioral Health Hospital Company, LLC ("Boynton

Behavioral Health") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Boynton Behavioral Health is liable for its proportionate share of the expenses of the QPPOA.

31.     Boynton Behavioral Health was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Boynton Behavioral Health owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

32.     Boynton Beach of Palm Beach County, LLC ("Boynton Beach LLC") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Quantum Corporate Park. As a member of the QPPOA, Boynton Beach LLC is liable for its proportionate share of the expenses of the QPPOA.

33.     Boynton Beach LLC was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Boynton Beach LLC owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

34.     Boynton Lodge No. 236 Free and Accepted Masons of Florida ("Boynton Lodge No. 236") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Boynton Lodge No. 236 is liable for its proportionate share of the expenses of the QPPOA.

35.     Boynton Lodge No. 236 was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Boynton Lodge No. 236 likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

36.     Canterbury at Quantum Village Property Owners Association of Palm Beach, Inc. ("CPOA") is a Florida corporation that owns certain common areas within a townhouse

development known as "Canterbury". CPOA is financially responsible to pay assessments to the QPPOA on behalf of its members who own individual townhouse lots within Canterbury. Canterbury is located in the Park.

37.     CPOA is responsible for the proportionate share of QPPOA expenses that otherwise would be owed by townhouse owners. CPOA bore that responsibility at the time the QPPOA incurred legal fees for the defense of two lawsuits in the 15th Judicial Circuit of Florida. CPOA likewise bore that responsibility when members of the QPPOA acted to revoke the Declaration.

38.     CarMax Auto SuperStores, Inc. ("CarMax") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, CarMax is liable for its proportionate share of the expenses of the QPPOA.

39.     CarMax was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. CarMax likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

40.     Charter Schools of Boynton Beach, Inc. ("Charter Schools") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Charter Schools is liable for its proportionate share of the expenses of the QPPOA.

41.     Charter Schools was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Charter Schools likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

42.     Children's Services Council of Palm Beach County ("Children's Services") is a municipal district in Florida that at the times relevant hereto, owned one or more parcels in the

Park. As a member of the QPPOA, Children's Services is liable for its proportionate share of the expenses of the QPPOA.

43.     Children's Services was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Children's Services likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

44.     City of Boynton Beach (the "City") is a municipal corporation in Florida that at the times relevant hereto, owned one or more parcels in Park. As a member of the QPPOA, the City is liable for its proportionate share of the expenses of the QPPOA.

45.     The City was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. The City likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

46.     Davco Electrical Contractors Corporation ("Davco") is a Florida corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Davco is liable for its proportionate share of the expenses of the QPPOA.

47.     Davco was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Davco likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

48.     DCA at Gateway, LLC ("DCA") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, DCA is liable for its proportionate share of the expenses of the QPPOA.

49.     DCA was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. DCA likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

50.     DTS Properties II, LLC ("DTS II") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, DTS II is liable for its proportionate share of the expenses of the QPPOA.

51.     DTS II was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. DTS II likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

52.     Duke PGC at Quantum 1-9, LLC ("Duke") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Duke is liable for its proportionate share of the expenses of the QPPOA.

53.     Duke was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Duke likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

54.     East Coast Mechanical, Inc. ("East Coast") is a Florida corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, East Coast is liable for its proportionate share of the expenses of the QPPOA.

55.     East Coast was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. East Coast likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

56.     Ed Carey Design, Inc. ("Ed Carey") is a Florida corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Ed Carey is liable for its proportionate share of the expenses of the QPPOA.

57.     Ed Carey was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Ed Carey likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

58.     Exacta Systems, LLC ("Exacta") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Exacta is liable for its proportionate share of the expenses of the QPPOA.

59.     Exacta was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Exacta likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

60.     Feeding South Florida, Inc. ("Feeding South Florida") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Feeding South Florida is liable for its proportionate share of the expenses of the QPPOA.

61.     Feeding South Florida was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Feeding South Florida likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

62.     FH Quantum, LLC ("FH Quantum") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, FH Quantum is liable for its proportionate share of the expenses of the QPPOA.

63.     FH Quantum was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. FH Quantum likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

64.     Finlayson Logistics Assets LLC ("Finlayson") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Finlayson is liable for its proportionate share of the expenses of the QPPOA.

65.     Finlayson was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Finlayson likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

66.     Flowers Baking Co. of Miami ("Flowers Baking"), now known as FBCM Acquisition, LLC, is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Flowers Baking is liable for its proportionate share of the expenses of the QPPOA.

67.     Flowers Baking was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Flowers Baking likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

68.     Gateway Business Park L.C. ("Gateway Business Park"), now known as Premier Gateway Center at Quantum Park LLP, is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Gateway Business Park is liable for its proportionate share of the expenses of the QPPOA.

69.     Gateway Business Park was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Gateway Business Park

likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

70.    Gateway Station LLC ("Gateway Station") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Gateway Station is liable for its proportionate share of the expenses of the QPPOA.

71.    Gateway Station was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Gateway Station likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

72.    Goodman Distribution, Inc. ("Goodman") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Goodman is liable for its proportionate share of the expenses of the QPPOA.

73.    Goodman was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Goodman likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

74.    G.T. Investment Group LLC ("G.T.") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, G.T. is liable for its proportionate share of the expenses of the QPPOA.

75.    G.T. was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. G.T. likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

76.     High Ridge Investments, L.L.C. ("High Ridge") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, High Ridge is liable for its proportionate share of the expenses of the QPPOA.

77.     High Ridge was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. High Ridge likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

78.     HVG Enterprises, LLC ("HVG") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, HVG is liable for its proportionate share of the expenses of the QPPOA.

79.     HVG was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. HVG likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

80.     Julissa Properties, LLC ("Julissa") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Julissa is liable for its proportionate share of the expenses of the QPPOA.

81.     Julissa was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Julissa likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

82.     KTR South Florida LLC ("KTR South Florida") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, KTR South Florida is liable for its proportionate share of the expenses of the QPPOA.

83.     KTR South Florida was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. KTR South Florida likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

84.     North Boynton Beach Hospitality, LLC ("Boynton Hospitality") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Boynton Hospitality is liable for its proportionate share of the expenses of the QPPOA.

85.     Boynton Hospitality was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Boynton Hospitality likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

86.     Palamad, LLC ("Palamad") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Palamad is liable for its proportionate share of the expenses of the QPPOA.

87.     Palamad was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Palamad likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

88.     The Palm Beach Literacy Coalition Foundation, Inc. ("Palm Beach Literacy") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Palm Beach Literacy is liable for its proportionate share of the expenses of the QPPOA.

89.     Palm Beach Literacy was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Palm Beach Literacy

likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

90.     Parkside Townhomes Homeowners' Association, Inc. ("ParksideHOA") is a Florida corporation that owns certain common areas within a townhouse development known as "Parkside". ParksideHOA is financially responsible to pay assessments to the QPPOA on behalf of its members who own individual townhouse lots within Parkside.  Parkside is located within the Park.

91.     ParksideHOA is responsible for the proportionate share of QPPOA expenses that otherwise would be owed by townhouse owners. ParksideHOA bore that responsibility at the time the QPPOA incurred legal fees for the defense of two lawsuits in the 15th Judicial Circuit of Florida. ParksideHOA likewise bore that responsibility when members of the QPPOA acted to revoke the Declaration.

92.     Publix Super Markets, Inc. ("Publix") is a Florida corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Publix is liable for its proportionate share of the expenses of the QPPOA.

93.     Publix was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Publix likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

94.     Quantum Corporate Center, LLLP ("Quantum Corporate") is a Florida limited partnership that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Quantum Corporate is liable for its proportionate share of the expenses of the QPPOA.

95.     Quantum Corporate was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Quantum Corporate likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

96.     Quantum Fulton, LLC ("Fulton") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Fulton is liable for its proportionate share of the expenses of the QPPOA.

97.     Fulton was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Fulton likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

98.     Quantum Limited Partners, Ltd. ("Quantum Limited") is a Florida limited partnership that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Quantum Limited is liable for its proportionate share of the expenses of the QPPOA.

99.     Quantum Limited was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Quantum Limited likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

100.    Quantum Park & Village, LLC ("Park & Village") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Park & Village is liable for its proportionate share of the expenses of the QPPOA.

101.    Park & Village was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Park & Village likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

102.     Quantum Park Overlay Dependent District ("Quantum Overlay") is a municipal district within the City of Boynton Beach that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Quantum Overlay is liable for its proportionate share of the expenses of the QPPOA.

103.     Quantum Overlay was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Quantum Overlay likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

104.     Quantum Town Center, LLC ("QTC") is a Florida limited liability company and is the owner of certain real property located within the Park. As a member of the QPPOA, QTC is liable for its proportionate share of the expenses of the QPPOA.

105.     QTC was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. QTC likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

106.     Republic Western Investment Co. LLC ("Republic Western") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Republic Western is liable for its proportionate share of the expenses of the QPPOA.

107.     Republic Western was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Republic Western likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

108.     RMS Properties, LLC ("RMS Properties") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, leased one or more parcels in the

Park. RMS undertook to pay all assessments and other obligations to the QPPOA pursuant to a written lease.  RMS Properties is liable for its proportionate share of the expenses of the QPPOA.

109.    Safety-Kleen Systems, Inc. ("Safety-Kleen") is a foreign corporation conducting business in Florida that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Safety-Kleen is liable for its proportionate share of the expenses of the QPPOA.

110.    Safety-Kleen was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Safety-Kleen likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

111.    South Tech Preparatory Academy, Inc. ("South Tech Prep") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, South Tech Prep is liable for its proportionate share of the expenses of the QPPOA.

112.    South Tech Prep was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. South Tech Prep likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

113.    South Tech Schools Holdings, LLC ("South Tech Schools") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, South Tech Schools is liable for its proportionate share of the expenses of the QPPOA.

114.    South Tech Schools was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. South Tech Schools

likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

115.    Southeast-Atlantic Capital, LLC ("Southeast-Atlantic") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Southeast-Atlantic is liable for its proportionate share of the expenses of the QPPOA.

116.    Southeast-Atlantic was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Southeast-Atlantic owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

117.    SSKR Properties, LLC ("SSKR Properties") is a Florida limited liability company that at the times relevant hereto, owned one or more parcels in the Quantum Park. As a member of the QPPOA, SSKR Properties is liable for its proportionate share of the expenses of the QPPOA.

118.    SSKR Properties was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. SSKR Properties likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

119.    United Way of Palm Beach County, Inc. ("United Way") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, United Way is liable for its proportionate share of the expenses of the QPPOA.

120.    United Way was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. United Way likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

121.    W2007 Equity Inns Realty, LLC ("W2007") is a foreign limited liability company conducting business in Florida that at the times relevant hereto, owned one or more parcels in the

Park. As a member of the QPPOA, W2007 is liable for its proportionate share of the expenses of the QPPOA.

122.    W2007 was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. W2007 likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

123.    The Watershed Treatment Programs, Inc. ("Watershed") is a Florida corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, Watershed is liable for its proportionate share of the expenses of the QPPOA.

124.    Watershed was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. Watershed likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

125.    West Quantum Plaza Owners Association, Inc. ("West Quantum") is a Florida not-for-profit corporation that at the times relevant hereto, owned one or more parcels in the Park. As a member of the QPPOA, West Quantum is liable for its proportionate share of the expenses of the QPPOA.

126.    West Quantum was a parcel owner when the QPPOA incurred legal fees for the defense of two lawsuits filed in the 15th Judicial Circuit of Florida. West Quantum likewise owned those parcels at the time the members of the QPPOA acted to revoke the Declaration.

127.    At all relevant times hereto, the QPPOA was a debtor to various creditors, including but not limited to Kelley Kronenberg, P.A., Gilbert | Yarnell Corp., and others.

128.    The foregoing defendants are collectively referred to as either "Defendants" or the "Property Owning Defendant Transferees".

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

129.    This adversary proceeding is brought by Plaintiff to, *inter alia*, set aside and/or recover fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550, and Fla. Stat. § 726.01, et seq., as authorized by 11 U.S.C.  § 544.

130.    The Court has jurisdiction to hear this lawsuit pursuant to 28 U.S.C. § 157(a) and 1334.

131.    This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2).  Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

132.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

133.    This adversary proceeding is commenced pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section 105(a) of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").  Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

134.    All conditions precedent to the filing of this action have been performed, waived, satisfied, or have otherwise occurred.

135.    Among other things, this lawsuit seeks to avoid fraudulent transfers made by the QPPOA to or for the benefit of the Property Owning Defendant Transferees. The actions giving rise to this suit occurred in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

136.    The Quantum Corporate Park is located in Boynton Beach, Florida.  The QPPOA was formed as a property owners association to manage the affairs of the Park and provide

various services to property owners. According to the Declaration of Protective Covenants, owners of parcels located within the Park are members of the QPPOA.

137.    In 2013, a lawsuit was filed by Olen, SHI, QVLII, and VQL against the respective property owners in the Park, as well as the QPPOA and its directors.

138.    The QPPOA and its directors engaged Irwin Gilbert of Gilbert | Yarnell Corp to defend it in that lawsuit.  Gilbert also practiced under the entity Irwin R. Gilbert, P.A., a Florida professional association.

139.    In 2015, Olen and SHI filed another lawsuit against the QPPOA and its directors in the 15th Judicial Circuit of Florida.

140.    The QPPOA and its directors engaged Irwin Gilbert of Gilbert | Yarnell Corp to defend it in that lawsuit.  Gilbert also practiced under the entity Irwin R. Gilbert, P.A., a Florida professional association.

141.    Gilbert | Yarnell Corp. and Irwin R. Gilbert, P.A. rendered regular invoices to the QPPOA for its services.  The QPPOA made periodic partial payments but did not pay invoices in full, resulting in an accumulated balance due.

142.    Gilbert later moved to Kelley Kronenberg, P.A. and continued to defend the QPPOA and its directors in the respective lawsuits.  Kelley Kronenberg, P.A. was substituted for Gilbert | Yarnell Corp.  Kelley Kronenberg rendered regular invoices to the QPPOA its services.  The QPPOA made periodic partial payments but did not pay invoices in full, resulting in an accumulated balance due.

143.    From time to time, the QPPOA executed promissory notes to Kelley Kronenberg to acknowledge and assure payment of the accumulated debt and to provide for the payment of interest and legal fees, if collection became necessary.

144.    The QPPOA was obligated to defend and indemnify its directors based upon the nature of the respective lawsuits and in accord with the Declaration.

145.    By reason of the foregoing, the QPPOA became indebted to the law firms of Irwin Gilbert, P.A., Gilbert | Yarnell Corp, and Kelley Kronenberg for litigation costs, legal fees, interest and for the legal fees associated with collecting those sums.

146.    In 2018, the QPPOA terminated the services of Gilbert and Kelley Kronenberg and thereafter refused to pay the sums due and owing to Gilbert, Gilbert | Yarnell, and Kelley Kronenberg, P.A.

147.    By reason of the foregoing, Gilbert and Kelley Kronenberg brought a lawsuit against the QPPOA to obtain payment of the sums due.  The QPPOA defended against that suit causing Kelley Kronenberg, Gilbert, and Gilbert | Yarnell to expend time compensable to each for the expense of collection in accordance with the written retainer contract between the QPPOA and Gilbert | Yarnell Corp., as well as the promissory notes executed by the QPPOA.

## BACKGROUND

148.    On or about June 20, 2020 (the "Petition Date"), Debtor filed a voluntary bankruptcy petition under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code"). [Main Bankruptcy Case, ECF 1]. Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee .

## FACTS COMMON TO ALL COUNTS

149.    The respective Defendants were at relevant times property owners in the Park. Owners of parcels within the Park were subject to the Declaration of Protective Covenants (hereafter the "Declaration").  A copy of the Declaration is annexed as Exhibit "3".  Since the Declaration runs with the land, subsequent owners of such parcels are likewise bound by the Declaration.

150.    The Defendants, as owners of parcels in the Park were members in the QPPOA in accordance with Section III of the Declaration and Article V of the QPPOA Articles of Incorporation.

151.    Members of the QPPOA were subject to the Articles of Incorporation of the QPPOA and the Bylaws of that corporation.  A true copy of the Articles of Incorporation and the Bylaws are attached as Exhibits 1 and 2, respectively.

152.    The Articles of Incorporation and the Bylaws are incorporated by reference into the Declaration. See Declaration at Section I(A) and I(F).

153.    The Declaration authorized the QPPOA Board of Directors to impose assessments on parcel owners to fund the payment of Common Expenses of the QPPOA.  See Declaration at Section I(B).  Common Expenses are defined in the Declaration as "…all costs, expenses and assessments properly incurred by the Association for which the owners are liable to the Association."  See Declaration I(J).

154.    By operation of the foregoing, owners of parcels in the Park are liable to the QPPOA for expenses it incurred.  See also Declaration at Article XII.

155.    The means by which the QPPOA pays its creditors is to assess members of the QPPOA in proportionate amounts to cover those expenses.  The power of assessment constituted a material asset of the QPPOA.

156.    On June 19, 2020[1], the QPPOA owed significant sums to various creditors, including but not limited to (a) Kelley Kronenberg, P.A.; (b) Gilbert Yarnell Corp.; and (c) Irwin R. Gilbert, P.A.. (collectively, the "Law Firm Creditors").

---

[1] At that time, the QPPOA was a defendant in a lawsuit brought by Kelley Kronenberg and Irwin Gilbert, P.A. for unpaid legal fees accrued in the defense of the QPPOA in two lawsuits then pending in the 15th Judicial Circuit of Florida.

157.    At all times relevant hereto and prior to the termination of the Declaration, the QPPOA was solvent and able to pay its debts by means of assessing its members as described above. However, on June 19, 2020, the QPPOA terminated the Declaration of Protective Covenants.  See Exhibit 4.  By such action, the Defendants rendered the QPPOA insolvent.

158.    The QPPOA's termination of the Declaration was done with the actual intent to delay, hinder, and defraud its creditors, all in an effort to ensure that there would be no mechanism to assess its members – the property owners – to pay the expenses of the QPPOA that had already been incurred, including the substantial amounts owed to (a) Kelley Kronenberg, P.A.; (b) Gilbert Yarnell Corp.; and (c) Irwin R. Gilbert, P.A.

159.    In addition, the QPPOA did not receive a reasonably equivalent value in exchange for the Transfer, and indeed, received no value from the QPPOA members or alleged former members, all of which substantially benefitted from the Transfer.

160.    At the time of the termination of the Declaration, the foregoing creditors were prosecuting their claims against the QPPOA seeking to collect the amounts due to them.

161.    The termination of the Declaration constituted a transfer of a valuable asset of the QPPOA, one that could and should have been used to pay the amounts the QPPOA owed its creditors at that time.  Essentially, the QPPOA, by voluntarily terminating the Declaration and/or purporting to terminate the Declaration, rendered itself insolvent and unable to pay its debts – debts which it otherwise was fully able to pay.

162.    As if this were not enough, the QPPOA filed a voluntary Chapter 7 bankruptcy petition on the same day it rendered itself insolvent and unable to pay its debts.  Thus, the QPPOA turned the Association over to the Trustee at the same time it was attempting to deprive the Trustee of the ability to collect assessments to pay the claims of the creditors of the QPPOA.

163.    Members of the QPPOA cannot avoid liability for the debts or liability of the QPPOA by terminating membership.  See Articles of Incorporation, Article 8 Section 8.

164.    The Trustee may recover all sums due to all creditors of the QPPOA from the members or alleged "former" members of the QPPOA together with interest at the "maximum rate allowed by law" together with the costs of collection including reasonable attorney's fees. The sums owed constitute a continuing lien on the respective parcels and bind the owners, heirs, devisees, personal representatives, successors and assigns "and shall also be the personal obligation of the Owner of the parcel."  See Declaration, Section 10.7 and Article XII.

165.    The Covenants require the Defendants to pay the costs of collection including attorney's fees in these circumstances.  The Plaintiff has engaged the services of undersigned counsel and will incur fees and costs in these proceedings.

### COUNT I: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND CHAPTER 726 OF THE FLORIDA STATUTES

166.    The Trustee incorporates the allegations stated above in paragraphs "1" through "165".

167.    Pursuant to 11 U.S.C. § 548 and/or 11 U.S.C. § 544 and Chapter 726 of the Florida Statutes, a Trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years (under Section 548 of the Bankruptcy Code) and 4 years (under Chapter 726 of the Florida Statutes) before the date of the filing of the petition, if the debtor voluntarily or involuntarily (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) to the extent applicable, received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent

28

on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

168.    Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; (2) any immediate or mediate transferee of such initial transferee; or (3) any conduit lacking good faith in receiving such property.

169.    By purporting to terminate the QPPOA's Declaration (the "Transfer"), the QPPOA purported to eliminate its right and obligation to assess property owners in amounts sufficient to pay the QPPOA's debts. This was a "transfer," as defined under 11 U.S.C. § 101(54), of an interest of the Debtor in Property, and is avoidable under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, and the Trustee may recover the value of such transfer for the benefit of the Estate pursuant to Section 550 of the Bankruptcy Code.

170.    As set forth herein, there was at all material times at least one unsecured creditor with standing to avoid the Transfer, specifically, (a) Kelley Kronenberg, P.A.; (b) Gilbert Yarnell Corp.; and (c) Irwin R. Gilbert, P.A. (the "Law Firm Creditors").

171.    The Transfer was made with the actual intent to delay, hinder, and defraud QPPOA's creditors, including the Law Firm Creditors.

172.   The QPPOA did not receive reasonably equivalent value in exchange for the Transfer, or stated differently, the QPPOA received less than a reasonably equivalent value in exchange for such transfer.

173.   The Transfer rendered the QPPOA insolvent.

174.   At the time of the Transfer, the QPPOA was engaged in a business or transaction for which any property remaining with the QPPOA constituted unreasonably small capital.  Indeed, while, through the Transfer, the QPPOA purported to eliminate the means for it to pay its debts, the QPPOA failed to assess members in advance of the Transfer in sufficient amounts to create a reserve to pay the expenses that it had already incurred, including without limitation, the amounts owed to the Law Firm Creditors.

175.   There were various badges of fraud regarding the Transfer, including (i) as a result of the Transfer, the QPPOA was rendered insolvent and unable to pay its debts – debts which it could have otherwise paid; (ii) no reasonably equivalent value was paid to the QPPOA in exchange for the Transfer; (iii) before the transfer, the QPPOA had been sued by the Law Firm Creditors seeking to collect the substantial sums due to them, and such litigation was pending at the time of the Transfer; (iv) the Transfer left the QPPOA with no ability to pay the debts owed to the Law Firm Creditors; (v) the Transfer was made for the benefit of insiders, purportedly relieving them of their obligation to pay the substantial debts that had already been incurred and for which such insiders would have otherwise been responsible pursuant to the Declaration; and (vi) the intent to make the Transfer was concealed or not disclosed to the Law Firm Creditors.

**WHEREFORE**, the Trustee seeks entry of judgment against Defendants, that (i) avoids QPPOA's purported termination of the Declaration and the corresponding right and obligation of QPPOA to assess property owners in an amount sufficient to pay the QPPOA's debts, including

without limitation, the sums due the Law Firm Creditors; (ii) awards to the Trustee the value of the foregoing Transfer in an amount that is at least sufficient to enable payment in full of all amounts owing to creditors of QPPOA, including, without limitation, the Law Firm Creditors, with such amounts to be assessed against each individual Defendant in its proportionate share of responsibility for payment of such expenses of QPPOA; (iii) awards to the Trustee costs, interest (both pre-judgment and post-judgment), and attorney's fees as may be recoverable pursuant to applicable law; (iv) disallows the claims of any of the Defendants until such Defendant has paid, in full, all amounts recoverable against it pursuant to the claims set forth in this Complaint; and (v) awards such other and further relief as the Court deems just and proper.

## COUNT II: DECLARATORY RELIEF
### (Permitting the Estate to Assess Property Owners for the QPPOA's Debts)

176.    The Trustee incorporates the allegation stated above in paragraphs "1" through "165".

177.    Given that the QPPOA did not legitimately terminate its own obligation to assess property owners in an amount sufficient to pay its debts, the Trustee seeks declaratory relief, permitting the Trustee to assess the QPPOA's constituent property owners. That assessment should be in an amount sufficient to cover the QPPOA's outstanding debt to its creditors, such as Irwin R. Gilbert, P.A., Gilbert | Yarnell Corp., and Kelley Kronenberg, P.A.

178.    Pursuant to 28 U.S.C § 2201 (allowing federal courts to grant declaratory relief), Bankruptcy Rules 7001(2) (acknowledging adversary proceedings to "determine the validity, priority, or extent of a lien *or other interest* in property") (emphasis added), Rule 7001(7) (acknowledging adversary proceedings may involve "an injunction or other equitable relief"), and Rule 7001(9) (acknowledging adversary proceedings may include "a proceeding to obtain a declaratory judgment relating to any of the foregoing"), the Trustee is entitled to declaratory relief.

Specifically, the Trustees seeks a declaration that it may assess the Property Owning Defendant Transferees in amounts sufficient to pay the QPPOA's outstanding debts to its creditors, Irwin R. Gilbert, P.A., Gilbert | Yarnell Corp., and Kelley Kronenberg, P.A., among others.

WHEREFORE, the Trustee seeks a declaration that it may assess the Property Owning Defendant Transferees in an amount sufficient to pay the QPPOA's outstanding debts to its creditors, Irwin R. Gilbert, P.A., Gilbert | Yarnell Corp., and Kelley Kronenberg, P.A. among others.

## COUNT III: ACTION ON A DEBT

179.     The Trustee incorporates the allegations set forth in paragraphs "1" through "165".

180.     The respective Defendants were owners of parcels at the time the QPPOA incurred debts and expenses that remain unpaid.

181.     At the time the respective debts were incurred by the QPPOA, the Covenants were in full force and effect.

182.     By reason of the foregoing, the respective Defendants are each personally liable for their respective proportionate share of the total indebtedness incurred by the QPPOA together with interest and attorney's fees associated with collecting said sums.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE,** Plaintiff prays for a Judgment granting him relief against Defendants, as follows:

A.  Payment of all amounts due to him under the terms of the Declaration, which total at least $966,027.85.

B.  An award of reasonable attorneys' fees and costs;

C.  Payment of prejudgment and post-judgment interest as permitted by law; and

D.  For such other and further relief as this Court deems just and proper.

Dated: June 17, 2022

Respectfully submitted,

By: */s/ Irwin R. Gilbert*

IRWIN R. GILBERT
*Special Counsel to the Chapter 7 Trustee*
Florida Bar No. 099473
**CONRAD & SCHERER, LLP**
633 South Federal Highway
Fort Lauderdale, FL 33301
Tel: (954) 847-3328 | Fax: (954) 463-9244
Email: IGilbert@conradscherer.com
OGonzalez@conradscherer.com
AGebert@conradscherer.com

## SERVICE LIST

Olen Properties Corp.
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

Secured Holdings, Inc..
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

Quantum Lake Villas II Corp.
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

Villas at Quantum Lakes, Inc.
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

1325 Gateway, LLC.
c/o Paul Mark Burrell
8020 Wiles Rd.
Coral Springs, FL 33067
*Defendant*

2500 Quantum L.L.C.
c/o Douglas MacDonald
1025 Gateway Blvd
Suite 303-506
Boynton Beach, FL 33426
*Defendant*

2600 Quantum, LLC
c/o Fiorenzo Bresolin
10860 Egret Pointe Lane
West Palm Beach, FL 33412
*Defendant*

2600 Quantum Blvd, LLC
c/o Denis Holmes
1700 N. Dixie Hwy
West Palm Beach, FL 33407
*Defendant*

4925 Park Ridge Boulevard, LLC
c/o Comiter, Singer, Baseman Braun, LLP
3801 PGA Blvd Suite 604
Palm Beach Gardens, FL 33410
*Defendant*

7-Eleven, Inc.
c/o Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach, FL 33408
*Defendant*

Aetna Life Insurance Co.
c/o Chief Financial Officer
200 E Gaines St
Tallahassee, FL 32399
*Defendant*

Alamo Rent-A-Car, LLC
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

The American Bottling Co.
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

HIT Portfolio I Owner, LLC
c/o Corporation Service Company
1201 Hays St.
Tallahassee, FL 32301
*Defendant*

34

Atlas Party Rental, Inc.
c/o Daniel Levine
Padula Bennardo Levine LLP
3837 NW Boca Raton Blvd
Suite 200
Boca Raton, FL 33432
*Defendant*

BankUnited Financial Corp.
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

Boynton Beach Florida Behavioral Health
Hospital Company, LLC
c/o Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach, FL 33408
*Defendant*

Boynton Beach of Palm Beach County, LLC
c/o F&L Corp
One Independent Dr Suite 1300
Jacksonville, FL 32202
*Defendant*

Boynton Lodge No. 236 Free and Accepted
Masons of Florida
c/o Richard Lynn
220 Ocean Street
Jacksonville, FL 32202
*Defendant*

Canterbury at Quantum Village Property
Owners Assocation of Palm Beach, Inc.
c/o Stoloff & Manoff
1818 S. Australian Ave.
Suite 400
West Palm Beach, FL 33409
*Defendant*

Carmax Auto Superstores, Inc.
c/o The Prentice-Hall Corp. System, Inc.
1201 Hays St.
Tallahassee, FL 32301
*Defendant*

Charter Schools of Boynton Beach, Inc.
c/o May Meach and Davell Law Firm
One Financial Plaza Suite 2602
Fort Lauderdale, FL 33394
*Defendant*

Children's Services Council of Palm Beach
County
c/o Lisa Williams-Taylor, Ph.D.
2300 High Ridge Road
Boynton Beach, FL 33426
*Defendant*

City of Boynton Beach
c/o Ty Penserga, Mayor
100 E. Ocean Drive
Boynton Beach, FL 33435
*Defendant*

Davco Electrical Contractors Corp.
c/o David, Collins Jr.
4885 Park Ridge Blvd
Boynton Beach, FL 33426
*Defendant*

DCA at Gateway, LLC
c/o Steven Shullman
15340 Jog Rd Suite 215
Delray Beach, FL 33446
*Defendant*

DTS Properties II, LLC
c/o Jeffrey J. Needle, P.A.
5300 NW 33rd Ave. Suite 206
Ft Lauderdale, FL 33309
*Defendant*

Duke PGC at Quantum 1-9 LLC
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

East Coast Mechanical, Inc.
c/o Jose Ramirez
1500 N High Ridge Rd
Boynton Beach, FL 33426
*Defendant*

Ed Carey Design, Inc.
c/o Maria Bonomo
2600 High Ridge Rd
Boynton Beach, FL 33426
*Defendant*

Exacta Systems, LLC
c/o Katherine Paisley
1123 Gateway Blvd
Boynton Beach, FL 33426
*Defendant*

Feeding South Florida, Inc.
c/o Francisco Velez
2501 SW 32 Terrace
Pembroke Park, FL 33023
*Defendant*

FH Quantum, LLC
c/o Fox Re Holdings LLC
200 South Park Road Suite 425
Hollywood, FL 33021
*Defendant*

Finlayson Logistics Assets LLC
c/o Corporation Service Company
1201 Hays St.
Tallahassee, FL 32301
*Defendant*

FBCM Acquisition, LLC
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

PREMIER GATEWAY CENTER AT
QUANTUM LLP
c/o Theodore J. Klein, Esq.
88 NE 168 St.
North Miami Beach, FL 33162
*Defendant*

Goodman Distribution, Inc.
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

G. T. Investment Grp, L.L.C.
c/o Carlo Gretter
3553 High Ridge Road
Boynton Beach, FL 33426
*Defendant*

High Ridge Investments, L.L.C.
c/o Charles Geragi
115 N. Calhoun St. #4,
2400 High Ridge Road Suite 101
Boynton Beach, FL 33426
*Defendant*

HVG Enterprises, LLC
c/o David, Collins Jr.
4885 Park Ridge Blvd
Boynton Beach, FL 33426
*Defendant*

Julissa Properties, LLC
c/o Shikara Family LLLP
1950 W Hillsboro Blvd Ste 201
Deerfield Beach, FL 33442
*Defendant*

KTR South Florida LLC
c/o Corporation Service Company
1201 Hays St.
Tallahassee, FL 32301
*Defendant*

North Boynton Beach Hospitality, LLC
c/o TownePlace Suites
2450 Quantum Blvd
Boynton Beach, FL 33426
*Defendant*

Palamad, LLC
c/o Ronald Fick
249 Royal Palm Way, Suite 102
Palm Beach, FL 33480
*Defendant*

The Palm Beach Literacy Coalition
Foundation, Inc.
c/o Kristin Calder
3651 Quantum Boulevard
Boynton Beach, FL 33426
*Defendant*

Parkside Townhomes Homeowners'
Assocation, Inc.
c/o Gulfstream Services Management, Inc.
1500 Gateway Blvd. Suite 220
Boynton Beach, FL 33426
*Defendant*

Publix Super Markets, Inc.
c/o Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach, FL 33408
*Defendant*

Quantum Corporate Center, LLLP
c/o Robert Burrow
10 Sabal Island Dr.
Oceanridge, FL 33435
*Defendant*

Quantum Fulton, LLC
c/o Katz & Doorakian Law Firm, P.L.
625 N. Flagler Dr. Suite 605
West Palm Beach, FL 33401
*Defendant*

Quantum Limited Partners, Ltd.
c/o MFT Development, Inc.
1025 Gateway Blvd
Suite 303-506
Boynton Beach, FL 33426
*Defendant*

Quantum Park & Village, LLC
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

Quantum Town Center, LLC
c/o Cogency Global Inc.
115 N. Calhoun St. #4,
Tallahassee, FL 32301
*Defendant*

Quantum Park Overlay Dependent District
c/o Peter Pimentel
Special District Services, Inc.
2501 A Burns Road
Palm Beach Gardens, FL 33410
*Defendant*

Republic Western Investments Co. LLC
c/o Peter B. Weintraub
7700 Congress Ave
Suite 1110
Boca Raton, FL 33487
*Defendant*

RMS Properties, LLC
c/o Jeffrey J. Needle, P.A.
5300 NW 33rd Ave
Suite 206
Fort Lauderdale, FL 33309
*Defendant*

Safety-Kleen Systems, Inc.
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

South Tech Preparatory Academy, Inc.
c/o South Tech Charter Academy, Inc.
6161 W. Woolbright Rd
Boyton Beach, FL 33437
*Defendant*

South Tech Schools Holdings, LLC
c/o South Tech Preparatory Academy, Inc.
6161 W. Woolbright Rd
Boyton Beach, FL 33437
*Defendant*

Southeast-Atlantic Capital, LLC
c/o Chris Paul
1022 Park St., Suite 202
Jacksonville, FL 33204
*Defendant*

SSKR Properties, LLC
c/o Steven Greenwalk
6971 N Federal Hwy, Suite 105
Boca Raton, FL 33487
*Defendant*

United Way of Palm Beach County, Inc.
c/o Tula Hudson-Miller
477 S. Rosemary Ave, Suite 230
West Palm Beach, FL 33401
*Defendant*

W2007 Equity Inns Realty, LLC
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

The Watershed Treatment Programs, Inc.
c/o C T Corporation System
1200 South Pine Island Rd
Plantation, FL 33324
*Defendant*

West Quantum Plaza Owners Assocation, Inc.
c/o United Community Management Corp.
11784 West Sample Rd , Suite 103
Coral Spring, FL 33065
*Defendant*