# EXHIBIT
# 2

ORB 5450 Pg 1172

101287-8
0851P

BYLAWS

OF

QUANTUM PARK PROPERTY OWNERS'
ASSOCIATION, INC.

ARTICLE I
NAME AND LOCATION

Section 1.   The name of this corporation is QUANTUM PARK PROPERTY OWNERS' ASSOCIATION, INC. (hereinafter the "Corporation").

Section 2.   The principal place of business of the corporation is located in Boynton Beach, Florida, or such other place as the Board of Directors may from time to time determine.

ARTICLE II
INCORPORATION

The Corporation was duly incorporated in the office of the Secretary of State of the State of Florida on the 14th day of October, 1987.

ARTICLE III
DEFINITIONS

The definitions and terms defined and used in the Declaration of Protective Covenants of Quantum Park at Boynton Beach (the Declaration to which these Bylaws are attached as an Exhibit) shall apply to these Bylaws.

ARTICLE IV
MEMBERSHIP AND VOTING RIGHTS

Section 1.   All Owners in the Park shall be members of the Corporation.   An Owner shall automatically be a member of the Corporation upon the recording in the Public Records of the County, of the document evidencing the Owner's fee simple title to a Parcel.

Section 2.   Voting Rights shall be based on the formula of one vote per acre within a Parcel owned by a member.   Fractional portions of acres shall be rounded up or down depending on the size of the fraction; fractional portions equal to or greater than 1/2 of an acre shall be rounded up, while fractional portions less than 1/2 of an acre shall be rounded down (for example, a 10.3 acre Parcel owned by a member will be entitled to 10 votes, and a 10.7 acre Parcel owned by a member will be entitled to 11 votes). Anything to the contrary herein notwithstanding, a Parcel less than 1/2 of an acre shall be entitled to one (1) Voting Right.   If a parcel is owned by two (2) or more Owners, the voting rights applicable to such Parcel shall be determined as if there were only one (1) Owner.

Section 3.   The interest of any member in any part of the funds or assets of the Corporation cannot be conveyed, assigned, mortgaged, hypothecated or transferred in any manner except as an appurtenance to the Parcel owned by him.

EXHIBIT-"C"

ORB 5450 Pg 1173

Section 4.   The term "Voting Representative" shall mean and refer to (i) the Owner of a Parcel if such Parcel is owned by one individual, (ii) any individual designated in a Certificate filed with the Secretary of the Corporation designating a voting member for such Parcel, or (iii) a duly designated proxy holder. Anything to the contrary herein notwithstanding, there shall only be one Voting Representative for each Parcel.

## ARTICLE V
## MEETINGS OF MEMBERS

Section 1.   The annual meeting of the members shall be held at 7:00 p.m., Eastern Standard Time, on the first Friday in March of each year at the principal office of the Corporation or at such other place in Palm Beach County, Florida as may be set forth in the notice of said meeting.   If the date fixed for the annual meeting shall be a legal holiday in the place where the meeting is to be held, said meeting shall be held on the next succeeding business day thereafter.   At such meeting the members shall elect directors to serve until the next annual meeting of the members or until their successors shall be duly elected and qualified and may conduct such other business as may be authorized to be transacted by the members.

Section 2.   Special meetings of the members shall be held at such place, day and hour as may be set forth in the notice of said meeting and may be called by the President, or in his absence by the Vice President, or by a majority of the Board of Directors, or by the holders of at least 10% of the Voting Rights in the Park.   The business conducted at such special meeting shall be limited to that stated in the notice of meeting.

Section 3.   Notice of the annual members' meeting stating the place, day, and hour of the meeting shall be given by the President, Vice President or Secretary.   Such notice shall be given to each member not less than fourteen (14) days, nor more than sixty (60) days prior to the date set for such meeting, which notice shall be mailed (by first class mail if mailed less than 30 days before the meeting) or presented personally to each member within said time.   If presented personally, receipt for such notice shall be signed by the member, indicating the date on which such notice was received by him.   If mailed, such notice shall be deemed to be properly delivered when deposited in the United States mail, addressed to the member at his post office address as it appears on the records of the Corporation, with postage thereon prepaid.   Proof of such mailing shall be given by the affidavit of the person giving the notice.   Any member may, by a written statement signed by such member, waive such notice, and such waiver, when filed in the records of the Corporation, whether before or after the holding of the meeting, shall be deemed equivalent to the giving of proper notice to such member.   The date on which notice of the annual members' meeting is mailed (or personally delivered) shall be the record date for determining which members are entitled to receive notice of, and to vote at, the annual members' meeting.   This determination of members shall apply to any adjournment thereof, unless the Board of Directors fixes a new record date for the adjourned meeting.

Section 4.   The President, or in his absence the Vice President, shall preside at all annual or special meetings of the membership.   In the absence of both persons, the Board of Directors shall select a chairman.

Section 5.   A quorum for members' meetings shall consist of a majority of the total Voting Rights in the Park, represented in person or by proxy.   The acts approved by the affirmative consent of a majority of the Voting Rights present at a meeting at which a quorum is present shall constitute the acts of the

0851P

ORB  5450 Pg 1174

members, except where approval by a greater number of members is required by the Declaration, the Articles of Incorporation, these Bylaws, or Florida law. After a quorum has been established at a members' meeting, the subsequent withdrawel of Voting Representatives, so as to reduce the number of Voting Rights at the meeting below the number required for a quorum, shall not affect the validity of any action taken at the meeting or any adjournment thereof.

The execution by any member of a copy of the minutes shall constitute the presence of such member for the purpose of determining a quorum and for the further purpose of validating all of the actions taken at such meeting, unless otherwise prohibited under Florida law.

Section 6. Votes may be cast in person or by proxy. All proxies shall be in writing and shall be filed with the Secretary no later than twenty-four (24) hours prior to the time of the meeting and entered of record in the minutes of said meeting. No proxy shall be valid unless the same specifically sets forth the name of the member voting by proxy, the name of the person authorized to vote the proxy, the number of Voting Rights to which the proxy applies, and the date the proxy was given, and is executed by all Owners of the subject Parcel. If the proxy is a limited proxy it shall set forth these items that the holder of the proxy may vote and the manner in which the vote is to be cast. If a proxy expressly provides, any proxy holder may appoint, in writing, a substitute to act in his place; a substitution is not authorized if such provision is not made. Each proxy shall contain the date, time and place of the meeting for which the proxy is given, and shall be valid only for that meeting and any lawfully adjourned meetings thereof. In no event shall any proxy be valid for a period longer than ninety (90) days after the date of the first meeting for which it was given. Each proxy shall be revocable at any time at the pleasure of the Owner(s) executing it (subject to §607.101, Fla. Stats.); however, in order for such revocation to be effective, written notice thereof shall be given to the Secretary of the Corporation. If a proxy confers authority upon two or more persons and does not otherwise provide, a majority of such persons present at the meeting, or if only one is present then that one, may exercise all the powers conferred by the proxy; but, if the proxy holders under the same proxy present at the meeting are equally divided as to the right and manner of voting in any particular case, the voting of such Voting Rights shall be prorated.

Section 7. Annual or special meetings of the members may be held at any time or place without notice with the written consent of all Voting Representatives, and may also be held at any time or place without notice in an emergency situation.

Section 8. The Secretary of the Corporation may require of any member a written statement designating the Voting Representative authorized to cast the vote(s) allocated to any Parcel. Such certificate shall be valid until revoked by a subsequent certificate, which revocation shall be in writing and shall be delivered to the Secretary of the Corporation. Unless said certificate, when so requested by the Secretary, is filed with the Secretary of the Corporation at least twenty-four (24) hours prior to the meeting in which said vote(s) is to be cast, the vote(s) attributable to the subject Parcel shall not be considered for the purpose of determining a quorum or for any other purpose.

Section 9. The order of business at all meetings of the members of the Corporation, where applicable, shall be as follows:

     a.   Election of chairman of the meeting, if required
     b.   Call of the roll and certifying of a quorum.

0851P

ORB 5450 Pg 1175

c.   Proof of notice of meeting or waiver of notice.
d.   Reading or waiver of reading of any unapproved minutes.
e.   Reports of officers.
f.   Reports of committees.
g.   Election of inspectors of election
h.   Election of directors.
i.   Unfinished business.
j.   New business
k.   Adjournment.

Section 10.   Any statutory right to waive notice of a members' meeting or to take action without a meeting shall be permitted under these Bylaws.

## ARTICLE VI
## DIRECTORS

Section 1.   The business affairs of the Corporation shall be managed by a Board of Directors who shall be elected by the member(s).   Said Board of Directors shall consist of at least three (3) and not more than seven (7) persons of legal age. Except as otherwise specifically provided herein, a Board member need not be a member of the Corporation.

Section 2.   The original members of the Board of Directors shall be those persons set forth in the Articles of Incorporation.   Subject to Section 14. below, Directors shall be elected annually by the members at the annual members' meeting, and such directors shall serve until their successors are duly elected and qualified, or until they are removed in the manner elsewhere provided, or until they resign, whichever first occurs. The procedure for electing directors by the member(s) shall be as follows:

a.   A nominating committee of members shall be appointed by the Board of Directors not less than sixty (60) days prior to the annual members' meeting.   The committee shall nominate one (1) person for each Director then serving or to serve.   Other nominations may be made from the floor.

b.   The election shall be by ballot (unless dispensed by unanimous consent) and by a plurality of the votes cast, each person voting being entitled to cast his vote for each of as many nominees as there are vacancies to be filled.   There shall be no cumulative voting.

Section 3.   Subject to Section 14. below, in the event of a vacancy occurring in the Board of Directors for any reason whatsoever, the remaining directors shall elect a person to serve as a director for the unexpired portion of the term of the former director.

Section 4.   A director may be removed from office, with or without cause, by the affirmative vote of at least two-thirds (2/3) of the total Voting Rights in the Park, at a special meeting of the members called for that purpose.

Section 5.   No compensation shall be paid to Directors for their services as Directors.   Compensation may be paid to a Director in his or her capacity as an officer or employee or for other services rendered to the Corporation outside of his or her duties as a Director.   In this case, however, said compensation must be approved in advance by the Board of Directors and the Director to receive said compensation shall not be permitted to vote on said compensation.   The Directors shall have the right to set and pay all salaries or compensation to be paid to officers, employees, agents or attorneys for services rendered to the Corporation.

0851P

ORB 5450 Pg 1176

Section 6.  The first meeting of a newly elected Board of
Directors shall be held within ten (10) days of election at such
place as shall be fixed by the Directors at the meeting at which
such Directors were elected, and no notice shall be necessary to
the newly elected Directors in order to legally constitute such
meeting provided that a majority of the whole board shall be
present.

Section 7.  Regular meetings of the Board of Directors
may be held at such time and place as shall be determined from
time to time by a majority of the Board of Directors.  Notice of
regular meetings of the Board of Directors shall be given to each
Director, personally or by mail, telephone or telegraph, at least
ten (10) days prior to the day named for such meeting.

The Directors may establish a schedule of regular
meetings and no notice shall be required to be given to Directors
as to such regular meetings once said schedule has been adopted
and delivered to all Directors.

Section 8.  Special meetings of the Board of Directors
may be called by the President on three (3) days' notice to each
Director, given personally or by mail, telephone or telegraph,
which notice shall state the time, place and purpose of the
meeting.  Special meetings of the Board of Directors shall be
called by the President or Secretary in like manner and on like
notice upon the written request of at least two (2) members of the
Board of Directors.

Section 9.  Before, at, or after any meeting of the Board
of Directors, said Directors may, in writing, waive notice of said
meeting and such waiver shall be deemed equivalent to the giving
of proper notice.  Attendance by a Director at any meeting of the
Board shall be a waiver of any lack of notice thereof.

Section 10.  At all meetings of the Board of Directors, a
majority of the Board of Directors shall constitute a quorum for
the transaction of business, and the acts of the majority of the
Directors present at a meeting at which a quorum is present shall
be the acts of the Board of Directors, except where approval by a
greater number of Directors is required by the Declaration, the
Articles of Incorporation, or these Bylaws.  If at any meeting of
the Board of Directors there be less than a quorum present, the
majority of those present shall be able to adjourn the meeting
from time to time.  The President of the Corporation, or in his
absence the Vice President, or, in the absence of both, any
Director designated by the Directors, shall act as Chairman of the
Board of Directors, and he shall be entitled to vote as a member
of the Board of Directors on all questions arising before the
Board of Directors.

Section 11.  The order of business at a Directors'
meeting, if applicable, shall be:

a.  Election of Chairman of the meeting, if required
b.  Calling of the roll.
c.  Proof of due notice of meeting.
d.  Reading and disposal of any unapproved minutes.
e.  Reports of officers and committees.
f.  Election of officers.
g.  Unfinished business.
h.  New business.
i.  Adjournment.

Section 12.  All of the powers and duties of the
Corporation existing under the Declaration, the Articles of
Incorporation and these Bylaws shall be exercised exclusively by
the Board of Directors or its managing agents, subject only to
approval by members of the Corporation when such is specifically

0851P

required.  The Board of Directors shall have all the powers vested under common law and under Chapters 617 and 607 (to the extent applicable), Florida Statutes, together with any powers granted to it pursuant to the terms of these Bylaws, the Articles of Incorporation of the Corporation, and the Declaration.  Such powers shall include but not be limited to the power:

a.  To manage, operate, and administer this Corporation and its interests.

b.  To make and collect assessments from members for the purposes of carrying out the Corporation's obligations and duties.

c.  To maintain, construct, improve, repair and replace the Corporation's property and interests, or the property for which the Corporation has such responsibility.

d.  To hire and dismiss any personnel regarding the maintenance, operation, and administration of the Corporation's property and its interests, or the property for which the Corporation has such responsibility.

e.  To make, amend, and publish rules and regulations respecting the use of the property operated, maintained, administered, and/or owned or leased by the Corporation, and establish and impose penalties and sanctions for any infractions therof.

f.  To carry and pay the premium for such insurance as may be required for the protection of the Corporation and the members thereof against any casualty or any liability.

g.  To employ a management firm at a compensation established by the Board of Directors and to delegate to such management firm such powers and duties as the Board shall authorize except those as are specifically required to be exercised by the Board of Directors or the membership.

h.  To enforce and exercise by legal means the provisions of the Declaration, these Bylaws, the Articles of Incorporation of this Corporation, and the rules and regulations of the Corporation.

i.  To pay any taxes or special assessments on any lands owned, operated, or maintained by the Corporation.

j.  To grant easements to any person with respect to properties owned by the Corporation, and to lease to any person properties owned by the Corporation.

Section 13.  Any statutory right to waive notice of a members' meeting or to take action without a meeting shall be permitted under these Bylaws.

Section 14.  The procedures provided for under this Article VI with respect to the selection and replacement of members of the Board of Directors shall be subject to the rights of the original Owner of Lot 55 in accordance with Article XXII.C. in the Declaration to which these Bylaws are an Exhibit.

ARTICLE VII
OFFICERS

Section 1.  The principal officers of the Corporation shall be a President who shall be a Director, a Vice President who shall be a Director, a Secretary, and a Treasurer, all of whom shall be elected by the Board of Directors.  The Directors may appoint assistant treasurers and assistant secretaries and such

-6-                                            0851P

other officers as in their judgment may be necessary.  Any two or more offices may be held by the same person.

Section 2.   The officers of the Corporation shall be elected annually by the Board of Directors at the annual meeting of the Board of Directors and shall hold office until their successors shall be duly elected and qualified, or until they are removed, or until they resign, whichever first occurs.

Section 3.   By an affirmative vote of the majority of the members of the Board of Directors, any officer may be removed, either with or without cause, and his successor elected by an affirmative vote of the majority of the Board of Directors at any regular meeting of the Board of Directors or at any special meeting of the Board called for such purpose.

Section 4.   The President shall be the chief executive officer of the Corporation.  He shall preside at all meetings of the members and of the Board of Directors.  He shall have all of the general powers and duties which are usually vested in the office of President of a corporation including, but not limited to, the power of appointing committees among the members from time to time as he may deem appropriate to assist in the conduct of the affairs of the Corporation.

Section 5.   The Vice President shall perform all the duties of the President in the President's absence and shall assist the President and exercise such other duties as may be required of him from time to time by the Board of Directors.

Section 6.   The Secretary shall process all membership applications, issue notices of all Board of Directors' meetings and meetings of the membership and shall attend and keep minutes of the same; he shall have charge of all corporate books, records and papers, except those of the Treasurer; he shall be custodian of the corporate seal; he shall have the authority to attest, with his signature and press of the Corporation seal, all contracts or other documents required to be signed on behalf of the Corporation and shall perform all other such duties as are incident to his office.  The duties of the assistant secretary shall be the same as those of the Secretary in the absence of the Secretary.

Section 7.   The Treasurer shall have the responsibility for Corporation funds and securities and shall be responsible for keeping full and accurate accounts of all receipts and disbursements in books belonging to the Corporation.  He shall be responsible for the deposit of all monies and other valuable effects in the name and to the credit of the Corporation in such depositories as may from time to time be designated by the Board of Directors  The duties of the Assistant Treasurer shall be the same as those of the Treasurer in the absence of the Treasurer.

Section 8.   Any vacancy in the office of President, Vice President, Treasurer or Assistant Treasurer, Secretary or Assistant Secretary, or any other office, may be filled by the Board of Directors who may elect a successor to the vacant office at any regular or special meeting, and such successor shall hold office for the balance of the unexpired term.

Section 9.   The compensation of all officers and employees of the Corporation shall be fixed by the Directors.

## ARTICLE VIII
### FINANCE

Section 1.   The funds of the Corporation shall be deposited in such banks or depositories as may be determined by the Board of Directors, from time to time, upon resolutions

approved by the Board of Directors, and shall be withdrawn only upon checks and demands for monies signed by such officer or officers of the Corporation as may be designated by the Board of Directors.

Section 2. The fiscal year of the Corporation shall begin on the first day of January of each year; provided, however, that the Board of Directors is expressly authorized to change to a different fiscal year at such time as the Board of Directors deem advisable.

Section 3. A financial report of the accounts of the Corporation shall be made annually and a copy of the report shall be furnished to each member not later than June 1st of the year following the year for which the report is made.

Section 4. The Board of Directors of the Corporation shall maintain an assessment roll in a set of accounting books in which there shall be an account for each Parcel. Each account shall designate the name and address of the member(s), the amount of each assessment against the member(s), the dates and amounts in which the assessments become due, the amounts paid upon the account, and the balance due upon the assessments. The Board of Directors shall issue, or cause to be issued, upon demand by a member, a certificate representing the status of assessments pertaining to said member. A reasonable charge may be made by the Board of Directors for the issuance of said certificate.

Regular Assessments against the members shall be made for the fiscal year annually in advance on or before the 20th day of the month preceeding the first month of the fiscal year for which the assessments are made, or on a monthly, quarterly, or semiannual basis, whichever is deemed appropriate by the Board of Directors for a particular year. Such assessments shall be due and payable as directed by the Board of Directors. If an annual budget is not made as required, the assessment(s) shall be presumed to be in the same amount(s) as the last prior fiscal year until changed by an amended assessment.

Section 5. The Board of Directors shall adopt an annual budget on or before December 15th each year for the following calendar year, which budget shall be detailed and shall show the amounts budgeted by accounts and expense classifications, and shall contain estimates of the cost of operating and maintaining the Corporation.

Written notice of the time and place of the Board of Directors Meeting when the annual budget is to be considered for adoption, together with a copy of the proposed budget, shall be mailed to each member not less than thirty (30) days prior to such meeting. Such Board of Directors Meeting shall be open to the members.

Section 6. The Board of Directors may require that a fidelity bond be obtained for all officers and employees of the Corporation handling or responsible for Corporation funds. The amount of such bond shall be determined by the Board of Directors and the premium on such bond shall be paid by the Corporation as an item of general expense.

Section 7. All assessments paid by members of the Corporation shall be utilized by the Corporation for the purposes enumerated in the Declaration, the Articles of Incorporation and/or these Bylaws.

Section 8. Termination of membership in the Corporation shall not relieve or release any such former member from any liabilities or obligations incurred under or in any way connected with the Corporation during the period of his membership, or

0851P

impair any rights or remedies which the Corporation may have against such former member arising out of, or in any way connected with, such membership and the covenants and obligations incident thereto.

## ARTICLE IX
### INDEMNIFICATION

Section 1.   The Corporation shall indemnify any Director or Officer of the Corporation, and/or any member of the Architectural Review Committee (as defined in the Declaration), collectively referred to herein as the "Indemnities" and individually referred to herein as an "Indemnitee," made a party or threatened to be made a party to any threatened, pending or completed action, suit or proceeding as follows.  This indemnification shall extend to any action of a judicial, administrative, criminal, or investigative nature (including but not limited to, an action by the Corporation), brought by or against an Indemnitee, based on an act, or acts, alleged to have been committed by such Indemnitee, in his capacity as an Officer, Director or member of the Architectural Review Committee.  In any such action, the Indemnitee shall be indemnified against judgments, losses, liabilities, costs, fines, amounts paid in settlement, and reasonable expenses, including attorneys' fees, actually and necessarily incurred as a result of such action, suit, or proceeding or any appeal therein, provided such Indemnitee did not act with gross negligence or willful misconduct.  The termination of any such action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not, in itself, create a presumption that any such Indemnitee acted with gross negligence or willful misconduct.

Section 2.   Indemnification as provided in this Article shall continue as to a person who has ceased to be a Director, Officer, or member of the Architectural Review Committee, and shall inure to the benefit of the heirs, executors, and administrators of such person.  References herein to Directors, Officers and members of the Architectural Review Committee, shall include not only current Directors, Officers, and members of the Architectural Review Committee, but former Directors, former Officers, and former members of the Architectural Review Committee as well.

Section 3.   The Corporation shall have the power to purchase and maintain insurance on behalf of any person who is a Director or Officer of the Corporation, or a member of the Architectural Review Committee, against any liability asserted against him and incurred by him in any such capacity or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the provisions of this Article.

Section 4.   The aforementioned rights shall be in addition to, and not exclusive of, all other rights to which such Director, Officer, or member of the Architectural Review Committee may be entitled under Florida law.

## ARTICLE X
### RULES AND REGULATIONS

The Board of Directors shall have the authority to adopt reasonable rules and regulations governing the development, use, and operation of the Common Areas.  Such Rules and Regulations shall not be in conflict with the terms of the Declaration. Copies of the Rules and Regulations shall be delivered to an Owner upon written request to the Association.

ORB 5450 Pg 1181

ARTICLE XI
REGISTERS AND SEAL

Section 1.  The Secretary of the Corporation shall maintain a register in the Corporation office showing the names and addresses of members.  It shall be the obligation of the individual members to advise the Secretary of the Corporation of any change of address or of any change of ownership.  The Corporation, for purposes of notification, shall have the right to rely upon the last given address of each of the members as set forth in said register.

Section 2.  The seal of the Corporation shall have inscribed thereon the name of the Corporation, the word "Florida," the year of the Corporation's formation, and the words "corporation not for profit." Said seal may be used by causing it or a facsimile thereof to be impressed, affixed, or otherwise reproduced.

ARTICLE XII
ELECTING OUT OF §607.109

Section 607.109, Fla. Stats. shall not apply to control-share acquisition of Voting Rights, if applicable, under said Section 607.109.

ARTICLE XIII
AMENDMENTS

Section 1.  These Bylaws may be amended upon:

a.  the affirmative consent of at least two-thirds (2/3) of the entire membership of the Board of Directors and of at least a majority of the total Voting Rights in the Park; or

b.  the affirmative consent of at least sixty-five percent (65%) of the total Voting Rights in the Park.

Section 2.  The Amendment shall be recorded in the Public Records of Palm Beach County.

THE FOREGOING WERE DULY APPROVED AS THE BYLAWS OF QUANTUM PARK PROPERTY OWNERS' ASSOCIATION, INC., A FLORIDA CORPORATION NOT FOR PROFIT, AT THE FIRST MEETING OF THE BOARD OF DIRECTORS.

QUANTUM PARK PROPERTY OWNERS' ASSOCIATION, INC.

By: _____
      Its President

(CORPORATE SEAL)

STATE OF FLORIDA        )
                        )
COUNTY OF BROWARD       )

The foregoing instrument was acknowledged before me this 14th day of October, 1987, by Edward B. Deutsch, as President of Quantum Park Property Owners' Association, Inc., a Florida not-for-profit corporation, on behalf of the Corporation.

RECORD VERIFIED
PALM BEACH COUNTY, FLA.
JOHN B. DUNKLE
(SEAL) CLERK CIRCUIT COURT

_____
Notary Public

My Commission Expires:

NOTARY PUBLIC STATE OF FLORIDA
-10-   MY COMMISSION EXP. APR 24,1989
BONDED THRU GENERAL INS. UND.

0851P