UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

QUANTUM PARK PROPERTY OWNERS'
ASSOCIATION, INC.

    Debtor.

ROBERT FURR, as TRUSTEE,

    Plaintiff,

vs.

OLEN PROPERTIES CORP., ET AL.

    Defendant.

Case No. 20-16686-MAM
Chapter 7

Adv. Case No.22-01190-MAM

**MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE**

Defendants OLEN PROPERTIES CORP., SECURED HOLDINGS, INC., QUANTUM LAKE VILLAS II CORP., VILLAS AT QUANTUM LAKES, INC., and QUANTUM TOWN CENTER LLC (jointly "Defendants"), through counsel and under Federal Rule of Civil Procedure 12(b)(6), through Bankruptcy Rule 7012(b)(6), ask the Court to dismiss the Complaint in its entirety with prejudice.

### I.    Introduction

The Complaint filed against 68 defendants (the "Property Owners) consists of three counts, regarding the facts surrounding the termination of the Debtor's Declaration of Protective Covenants ("Declaration"), which was drafted by special counsel pursuing this action to ensure that he receives full payment of his pre-petition claims for attorney's fees, plus interest and a 40% fee, by attempting to impose personal liability on current and former Property Owners in the Quantum Park Property Owners Association (the "Association") for corporate debt under an

unsustainable fraudulent transfer theory.

Interestingly, the purpose of the Adversary Complaint focuses on ensuring that the "Law Firm Creditors", as the Adversary Complaint refers to them, which are, in fact, the special counsel's former entities, are paid for his (the special counsel) legal fees.

## II.     Memorandum of Law

### A. Standard of Review

Pursuant to Fed. R. Civ. Proc. 12(b)(6), as incorporated by Fed. R. Bankr. Proc. 7012, a complaint or cause of action must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient allegations, which, if accepted as true, "state a claim for relief that is plausible . . . on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). While a Court is required to accept the allegations of the Complaint as true and draw all reasonable inferences in Plaintiff's favor, "the Court does not accept as true unwarranted deductions of fact." *Id*. (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

A complaint or claim may be dismissed with prejudice when the court has "no reason to believe that any additional opportunity to amend would be more fruitful." *Hill v. Bank of Am., Inc.*, 512 F. App'x 905, 905 (11th Cir. 2013). Dismissal with prejudice is also appropriate where a complaint rests on a legal theory that is "patently frivolous and a waste of judicial resources." *Johnson v. Deutsche Bank Nat'l Tr. Co*., No. 09-21246-CIV, 2009 WL 2575703, at *4 (S.D. Fla. July 1, 2009) (dismissing with prejudice) *(internal citations omitted)*.

### B. Count I Fails to Identify an Avoidable Transfer, Fails to Allege Facts Sufficient to Maintain the Claim, and Seeks Relief Beyond the Scope of the Statute.

Count I fails to state a claim under Rule 12(b)(6) as the alleged "transfer" of "purporting

to terminate the [Debtor's] Declaration" does not constitute a "transfer" under either Florida law or Federal law. The termination of a property owner's association clearly does not fit within any definition of a transfer under the Bankruptcy Code. Section 101(54) of the Bankruptcy Code defines "transfer" as follows:

> The term "transfer" means —
> (A) the creation of a lien;
> (B) the retention of title as a security interest;
> (C) the foreclosure of a debtor's equity of redemption; or
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, or disposing of or parting with
>    (i) property; or
>    (ii) an interest in property

*See* 11 U.S.C. § 101(54).

Here, no such transfer took place, and thus no action for a "fraudulent transfer" can exist.

Further, the Declaration does not create a private right for creditors to impose personal liability on the Property Owners for the Association's debts – they do not even give the Association unfettered rights to impose such liability. Specifically, Article 10.1 of the Declaration provides that owners are subject to Assessments. Assessments are defined as "Regular and Special Assessments and shall mean and refer to the share of funds required for the payment of Common Expenses, which from time to time are assessed against the Owners." Common Expenses "shall mean and refer to all costs, expenses and assessments properly incurred by the Association for which the Owners are liable to the Association." Under Section 10.4 of the Declaration, the Association "h[as] the power and authority to levy and collect Assessments designated as Special Assessments for the following purposes: the acquisition of property directly benefitting the Park; the construction, reconstruction, unexpected repair or replacement of a capital improvement, including the necessary fixtures and personal property related thereto; the payment of sums necessary to indemnify each Director and Officer of the Association in accordance with the terms

of this Declaration and the Exhibits attached hereto; and the payment of other costs, expense, and liabilities not anticipated at the time of adoption of the annual budget."

All claims in this case are for debts incurred prior to 2018 and all were foreseeable when the annual budgets for the upcoming year were prepared. The unpaid invoices were not necessary to the management, maintenance, repair, operation, administration or enforcement of the Covenants and thus were not paid from the Regular Assessments in those years. When Termination occurred in June 2020, the Association had no authority under the Covenants to assess payment of the attorneys fees being demanded by the Law Firm Creditors.

Furthermore, Florida Statute 712, Florida's Marketable Record Title Act (Chapter 712 of the Florida Statutes) ("MRTA") was passed in order to liberate real property from older title defects by prescribing a 30-year limitations period on certain matters of title. As stated in Florida Statute Section 720.04, "a marketable record title is free and clear of all estates, interests, claims or charges, the existence of which depends upon any act, title transaction, event or omission that occurred before the effective date of the root of title." Here, the Declaration was recorded in April 1987, which would then impute an expiration of the Declaration in approximately 2017. Therefore, based upon Defendants review, it is asserted that the Declaration's covenants have expired, thus, regardless of the termination efforts, there are no longer enforceable covenants that can result in an Assessment under the Declaration.

In addition, Count I fails to plead with specificity any specific facts to support allegations of insolvency and lack of exchange of reasonably equivalent value. (*See e.g. In re Garcia*, 494 B.R. 799, 815 (Bankr. E.D.N.Y. 2013); *In re Hydrogen*, 431 B.R. 337, 353 (Bankr. S.D.N.Y. 2010) (dismissing § 548(a)(1)(B) claim due to "a complete absence of facts supporting the allegation that the Debtor received less than reasonably equivalent value in exchange" for the transfers); *Burtch*

v. Huston (*In re USDigital, Inc.*), 443 B.R. 22, 39 (D.Del.2011) (dismissing claim where complaint "fail[ed] to provide any factual allegations supporting the assertion that [debtor] did not receive reasonably equivalent value").

### C. Count II Fails As Deficiently Pled and Seeking an Advisory Opinion

Count II fails because it does not properly allege elements necessary for declaratory relief. Under the Declaratory Judgment Act, any claim for declaratory relief must involve an "actual controversy," as a jurisdictional issue and, thus, "a threshold question in an action for declaratory relief must be whether a justiciable controversy exists." U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir.1991). The Supreme Court defines "controversy" as being "definite and concrete ... admitting of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Hendrix v. Poonai, 662 F.2d 719, 721 (11th Cir.1981) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (emphasis added)). Stated another way, declaratory relief may not be used answer abstract questions "based upon the possibility of a factual situation that may never develop." See In re SFD @ Hollywood, LLC, 414 B.R. 794, 797 (Bankr. S.D. Fla. 2009) (citing Hendrix, 662 F.2d at 722). The Trustee seeks declaratory relief on the potential lawfulness of an assessment to property owners post-termination of the Declaration, in unknown amounts at an unknown place and time, which assessment has not occurred – and may never occur. *See* Compl. ¶ 177. The Trustee is requesting the exact type of advisory opinion based on hypothetical facts that the Eleventh Circuit has prohibited.

### D. Count III Fails as a Matter of Law

Count III appears to argue that each owner is "personally liable" for their proportionate share of the indebtedness, and is suing to collect same. First, this count fails to meet the pleading

standard under Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

Here, other than the title of the section, there is no statement of facts to substantiate the basis for why Defendants may owe anything all. Secondly, Plaintiff is not entitled to pursue Defendants for personal liability of any of the obligations, unless and until they are levied and rendered as an assessment against the respective lot. Section 10.7, *Lien Rights*, states: "[a]ll **Assessments**, together with interest . . . , and the cost of collection thereof (including reasonable attorneys' fees and administrative charges incurred by the Association), shall constitute a lien on the Parcel . . . and shall also be a continuing personal obligation of the Owner of the Parcel." Article XII (Ex. 3), *Obligations of Owner,* provides: "[e]ach owner is personally responsible for payment of all obligations that may become liens against his Parcel pursuant to this Declaration. Further, the amount of any lien granted to the Declarant and/or Association hereunder shall include, but not be limited to, the costs of enforcing the lien (including, but not limited to reasonable attorney's fees), and each may be foreclosed in the same manner as a mortgage against real property." In other words, establishing an Assessment is an absolute prerequisite to seeking personal liability for amounts due to the Association. For the reasons above, Count III must be dismissed with prejudice, and Plaintiff's claims for attorney's fees in Counts I and III should be stricken.

### III.    Conclusion

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice. The theories in Plaintiff's Complaint are unfounded by any of the governing documents that it attaches

to the Complaint, and unsupported by federal and Florida law. I CERTIFY the foregoing has been filed and served on <u>August 15, 2022</u> by electronic mail via CM/ECF to all interested parties.

Dated: August 15, 2022

Respectfully submitted,

Daniel Weber, Esquire
**Sachs Sax Caplan**
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487
(561) 994-4499
Email: dweber@ssclawfirm.com
*Counsel for Defendants*

By: <u>/s/ *Daniel Weber*</u>
　　Daniel Weber, Esquire
　　Florida Bar No: 106785