UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Quantum Party Property Owners' Association, Inc.,

Case No. 20-16686-EPK

Debtor.
_____/

Robert Furr, as Trustee,

Plaintiff,

vs.

Adv. Pro. No. 22-01190-EPK

Olen Properties Corp., *et al.*,

Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Olen Properties Corp., Secured Holdings, Inc., Quantum Lake Villas II Corp., Villas at Quantum Lakes, Inc., and Quantum Town Center, LLC (together, "Defendants"), by and through their undersigned counsel, hereby file this Answer and Affirmative Defenses to the *First Amended Complaint* (the "Complaint") filed by Plaintiff Robert Furr, in his capacity as Chapter 7 Trustee ("Plaintiff"), and answer and defend as follows:

## ANSWER

1. Defendants ADMIT that Plaintiff has brought this adversary proceeding but otherwise DENY the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendants ADMIT that Defendants were owners in the Park and were members of the QPPOA but otherwise DENY the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Denied.

4. Defendants ADMIT that Olen Properties Corp. is a Florida corporation that owns, and owned at relevant times, one or more parcels in the Park, but otherwise DENY the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendants ADMIT that Olen owned one or more parcels in the Park at relevant times, but otherwise DENY the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Defendants ADMIT that Secured Holdings, Inc. is a foreign corporation that owns, and owned at relevant times, one or more parcels in the Park, but otherwise DENY the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendants ADMIT that SHI owned one or more parcels in the Park at relevant times, but otherwise DENY the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendants ADMIT that Quantum Lake Villas II Corp. is a foreign corporation that owns, and owned at relevant times, one or more parcels in the Park, but otherwise DENY the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants ADMIT that QVLII owned one or more parcels in the Park at relevant times, but otherwise DENY the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendants ADMIT that Villas at Quantum Lakes, Inc. is a foreign corporation that owns, and owned at relevant times, one or more parcels in the Park, but otherwise DENY the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants ADMIT that VQL owned one or more parcels in the Park at relevant times, but otherwise DENY the remaining allegations set forth in Paragraph 11 of the Complaint.

12.     As to Paragraphs 12 through 115 of the Complaint, the Defendants are without knowledge of the allegations therein and therefore DENY the same.

116.    Defendants ADMIT that Quantum Town Center, LLC. is a Florida limited liability company that owns, and owned at relevant times, one or more parcels in the Park, but otherwise DENY the remaining allegations set forth in Paragraph 116 of the Complaint.

117.    Defendants ADMIT that QTC owned one or more parcels in the Park at relevant times, but otherwise DENY the remaining allegations set forth in Paragraph 117 of the Complaint.

118.    As to Paragraphs 118 through 140 of the Complaint, the Defendants are without knowledge of the allegations set forth therein and therefore DENY the same.

141.    Denied.

142.    Defendants ADMIT that Plaintiff, in his Complaint, has referred to the various defendants in certain ways, but otherwise DENY the remaining allegations set forth in Paragraph 142 of the Complaint.

143.    Defendants ADMIT that Plaintiff has brought various claims in his Complaint, but otherwise DENY the remaining allegations set forth in Paragraph 143 of the Complaint.

144.    Defendants ADMIT that the Court has jurisdiction to hear this lawsuit as it relates to Counts I and III of the Complaint, but DENY that the Court has jurisdiction to hear this lawsuit as it relates to Count II of the Complaint.

145.    Defendants ADMIT that this is a core proceeding as it relates to Counts I and III of the Complaint and ADMIT that Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court, but DENY that this is a core proceeding as it relates to Count II of the Complaint.

146.    Admitted.

147.    Denied.

148. Denied.

149. Defendants ADMIT that Plaintiff is seeking relief in this adversary proceeding and that the actions giving rise to this lawsuit occurred in Palm Beach County, Florida, but otherwise DENY the remaining allegations set forth in Paragraph 149 of the Complaint.

150. Admitted.

151. Admitted.

152. Admitted.

153. Admitted.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Defendants ADMIT that on June 19, 2020, Debtor filed a voluntary bankruptcy petition under Chapter 7, Title 11 if the United States Code and that shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee.

162. Defendants ADMIT that Defendants were property owners in the Park at relevant times and were, at one time, subject to the Declaration, but otherwise DENY the remaining allegations set forth in Paragraph 162 of the Complaint.

163. Defendants ADMIT that, at certain times, Defendants were subject to the QPPOA governing documents, but otherwise DENY the remaining allegations set forth in Paragraph 163 of the Complaint.

164. Defendants ADMIT that, at certain times, Defendants were subject to the QPPOA governing documents, but otherwise DENY the remaining allegations set forth in Paragraph 164 of the Complaint.

165. Admitted.

166. Admitted.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Defendants reallege and incorporate their answers as stated in Paragraphs 1 through 180 herein.

182. The statutes and authority set forth in Paragraph 182 of the Complaint speak for themselves, and to the extent Paragraph 182 deviates from such statutes and authority, Defendants DENY the allegations set forth in Paragraph 182 of the Complaint.

183. The statutes and authority set forth in Paragraph 183 of the Complaint speak for themselves, and to the extent Paragraph 183 deviates from such statutes and authority, Defendants DENY the allegations set forth in Paragraph 183 of the Complaint.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Defendants reallege and incorporate their answers as stated in Paragraphs 1 through 180 herein.

192. Denied.

193. Denied.

194. Defendants reallege and incorporate their answers as stated in Paragraphs 1 through 180 herein.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

In Counts I, II, and III of the Complaint, Plaintiff is seeking to recover money from Defendants. However, the money that Plaintiff is seeking to recover is the property of Defendants, not the estate. Accordingly, **Counts I, II, and III each fail.**

SECOND AFFIRMATIVE DEFENSE

The termination of the Declaration (and the rights and powers thereunder) alleged in Count I of the Complaint was not a transfer of the Debtor's property or assets as defined in 11 U.S.C. § 101(54), 11 U.S.C. § 548(a)(1), Fla. Stat. 726.102(2), and Fla. Stat. § 726.102(14). Accordingly, **Count I of the Complaint fails.**

THIRD AFFIRMATIVE DEFENSE

The Declaration (and the rights and powers thereunder) that is the subject of Count I of the Complaint was not an asset or property that was subject to execution or levy by the Debtor's creditors when the Declaration was terminated prepetition. Nor would the Declaration (and the rights and powers thereunder) have been property of the estate had it not been terminated. Therefore, the termination of the Declaration (and the rights and powers thereunder) cannot be the subject of any action to avoid a fraudulent transfer under either the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101 *et seq.* or under 11 U.S.C. § 548. *See Jensen v. Anderson (In re Anderson)*, 561 B.R. 230, 240 (Bankr. M.D. 2016) ("Under both the fraudulent transfer provisions of the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act ('FUFTA'), a transfer of property that is exempt from creditors may not be the subject of an action to avoid a fraudulent transfer."); *see* Fla. Stat. § 726.102(2)(b) ("'Asset' . . . does not include . . . Property to the extent it is generally exempt under nonbankruptcy law[.]"); *see Matter of Heller Ehrman LLP*, 630 F.3d 964, 969 ("For purposes of § 548, the debtor has an interest in any property 'that would

have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings'"). Accordingly, **Count I of the Complaint fails.**

FOURTH AFFIRMATIVE DEFENSE

When the Declaration was terminated, the Debtor was relieved of its obligations and duties thereunder, including its responsibility for the maintenance, repair, replacement, and improvement of common areas. Therefore, to the extent Defendants received any transfers of assets or property of the Debtor by virtue of the termination of the Declaration under 11 U.S.C. § 548(a)(1)(B), Fla. Stat. § 726.105(1)(b), or Fla. Stat. § 726.106, Defendants took for reasonably equivalent value and thus, Plaintiff may not avoid or recover such transfers. Accordingly, **Count 1 of the Complaint fails.**

FIFTH AFFIRMATIVE DEFENSE

When the Declaration was terminated, the Debtor was relieved of its obligations and duties thereunder, including its responsibility for the maintenance, repair, replacement, and improvement of common areas, and thus, the Debtor received reasonably equivalent value in exchange for the termination of the Declaration. Moreover, Defendants took in good faith. Therefore, to the extent Defendants received any transfers of assets of the Debtor by virtue of the termination of the Declaration under Fla. Stat. § 726.105(1)(a), Plaintiff may not avoid such transfers. Accordingly, **Count 1 of the Complaint fails.**

SIXTH AFFIRMATIVE DEFENSE

When the Declaration was terminated, the Debtor was relieved of its obligations and duties thereunder, including its responsibility for the maintenance, repair, replacement, and improvement of common areas, and thus, Debtor received reasonably equivalent value in exchange for the termination of the Declaration. Moreover, Defendants took in good faith and without knowledge of voidability. Therefore, to the extent Defendants received any immediate or mediate transfers from an initial transferee by virtue of the termination of the Declaration, Plaintiff may not recover

anything from Defendants pursuant to 11 U.S.C. § 550(b)(2), and to such extent, **Count I of the Complaint fails.**

## SEVENTH AFFIRMATIVE DEFENSE

When the Declaration was terminated, the Debtor was relieved of its obligations and duties thereunder, including its responsibility for the maintenance, repair, replacement, and improvement of common areas, and thus, the Debtor received value in exchange for the termination of the Declaration. Moreover, Defendants took in good faith. Therefore, to the extent Defendants received any voidable transfers of assets or property of the Debtor by virtue of the termination of the Declaration, Defendants are entitled to retain such assets or property to the extent of the value the Debtor received pursuant to 11 U.S.C. § 548(c), and to such extent, **Count I of the Complaint fails.**

## EIGHTH AFFIRMATIVE DEFENSE

To the extent it is determined in this matter that the applicable transfers occurred more than two years prior to June 19, 2020, any action to avoid such transfers via 11 U.S.C. § 548 is barred by virtue of the statute of limitations set forth in 11 U.S.C. § 548(a)(1), and to such extent, **Count I of the Complaint fails.**

## NINTH AFFIRMATIVE DEFENSE

To the extent it is determined in this matter that the applicable transfers occurred more than four years prior June 19, 2020, any action to avoid such transfers under the Florida Uniform Fraudulent Transfer Act is barred by virtue of the statute of limitations set forth in Fla. Stat. § 726.110, and to such extent, **Count I of the Complaint fails.**

## TENTH AFFIRMATIVE DEFENSE

In Count III of the Complaint, Plaintiff is asserting—against Defendants—claims that, if valid, belong to the Debtor's creditors. However, such creditors of the Debtor alleged in the Complaint, including Irwin Gilbert, P.A., Gilbert Yarnell Corp., and Kelley Kronenberg, P.A.,

waived their right to receive payment of monies due by accepting partial payments from the Debtor. According, **Count III of the Complaint fails.**

## ELEVENTH AFFIRMATIVE DEFENSE

In Count III of the Complaint, Plaintiff is asserting—against Defendants—claims that, if valid, belong to the Debtor's creditors. However, such creditor claims are not property of the estate under 11 U.S.C. § 541. Nor does Plaintiff have the power or standing under 11 U.S.C. § 704 (or any other Bankruptcy Code provision) to bring such creditor claims. *See E.F. Hutton & Co. v. Hadley*, 904 F.2d 979, 985-86 (11th Cir. 1990). Accordingly, **Count III of the Complaint fails.**

## TWELFTH AFFIRMATIVE DEFENSE

To the extent it is determined in this matter that the action on the alleged debts owing by the Debtor to its creditors accrued: (a) in the case of debts based on a written instruments, more than five years prior to June 19, 2020; and (b) in the case of other debts, more than four years prior to June 19, 2020, Plaintiff's action to recover on such creditor debts is barred by virtue of the statute of limitations set forth in Fla. Stat. § 95.11, and to such extent, **Count III of the Complaint fails**.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

        Respectfully submitted,

        **SHRAIBERG PAGE, P.A.**
        *Counsel for Defendants Olen Properties Corp.,*
        *Secured Holdings, Inc., Quantum Lake Villas II*
        *Corp., Villas at Quantum Lakes, Inc., and Quantum*
        *Town Center, LLC and for*
        *Interested Party John G. Lyon*
        2385 NW Executive Center Drive, Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: bss@slp.law
        Email: ependergraft@slp.law

        By:    /s/ *Bradley S. Shraiberg*
                Bradley S. Shraiberg
                Fla Bar No. 121622
                Eric Pendergraft
                Fla. Bar No. 91927

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Mail through the Case Management/Electronic Case Filing to those parties registered to receive electronic notices of filing in this case on October 31, 2022.

           /s/ *Bradley S. Shraiberg*